IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVE TOLBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:05-CV-0283-T |
| ) | |
| GMAC MORTGAGE CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to the referral of this case for consideration and disposition or recommendation on all pretrial matters (Doc. 3, April 1, 2005), the Magistrate Judge recommends, for the good cause herein explained, that Plaintiff not be allowed to proceed *in forma pauperis* and that this action be DISMISSED pursuant to Rule 11, Federal Rules of Civil Procedure, and 28 U.S.C. § 1915.

**I.**

On or around March 28, 2005, an African American female presented to the Clerk's office for filing the then-unsigned complaint in this action and purported to have "power of attorney" to sign the complaint for the incarcerated named plaintiff, Steve Tolbert Asked to show documentation for her authority, the woman could not produce any and left without providing any identification; she returned the next morning with the same complaint – with its voluminous attachments – along with an *Application to Proceed Without Prepayment of Fees and Affidavit,* each signed "Mr. Steve Tolbert #136371" apparently by the same person,

who also "declare[d] under penalty or perjury" to the truthfulness and correctness of each. Though the Clerk permitted the complaint and application to be docketed, she reported promptly and properly her suspicion that the named plaintiff had not signed either pleading. Further investigation disclosed a case filing on January 18, 2002 in this court, Civil Action No. 02-0-77-N, by the same plaintiff – then incarcerated with the same inmate number – and a comparison of the signatures on the pleadings filed by him in that action provided strong corroboration for the clerk's suspicion that he had not signed the documents docketed in this case file.[1]

The complaint presented purports to state a cause of action for "fraudulent foreclosure." Named defendants are *(a) GMAC Mortgage Corporation*, charged with wrongfully effecting a foreclose sale in November 2004 on a house in Wetumpka allegedly purchased by the plaintiff in December 2002; *(b) Kimberlee Forbus, Adam Forbus, and John Logan,* the Wetumpka residents who purchased and/or now reside in the house through foreclosure; and *(c) Elmore County Sheriff Bill Franklin*, sued for alleged failures of duty in connection with plaintiff's alleged criminal complaints against the individual defendants. No diversity of citizenship is alleged and, in fact, the complaint affirmatively demonstrates the absence of such diversity. The complaint makes uneducated and unfounded allegations of constitutional violations for federal jurisdiction, but the absence of state action and any

---

[1]The foregoing facts have been supplied to the court by the Deputy Clerk involved, Chiquita Baxter, who made contemporaneous reports to Deputy Clerk, Debbie Yates and to the Clerk, Debbie Hackett  The Magistrate Judge has examined the signatures on this plaintiff's pleadings in his prior action and compared them to those on the pleadings now submitted.

plausible federal question is indisputably shown.  In sum, the complaint is wholly frivolous and beyond cure for the purpose of stating any cognizable federal action.

**II**

Rule 11(a), Federal Rules of Civil Procedure, requires the signature of a party or his attorney on every pleading, and Rule 11(b) cautions that even unrepresented parties, upon presenting to the court a pleading, "is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, " the pleading is not being presented for any improper purpose and is otherwise grounded in fact and in law.  When a complaint is presented over the signature of one who is not the named party, it is deficient *per se* under Rule 11.  A party's *pro se* status may be weighed in determining Rule 11 regularity, but with respect to the fundamental requirement of truthfulness, that status is irrelevant.

Even if the record did not so clearly reflect fraud and perjury attributable to the un-identified person who presented this complaint for filing in the name of the incarcerated inmate, 28 U.S.C. 1915(e)(2) dictates that this action not be allowed without prepayment of the filing fee because it is so clearly jurisdictionally deficient; frivolous or malicious; fails to state a claim on which relief may be granted; and/or attempts to state a claim against a defendant who is immune.

**III.**

Accordingly, it is the Recommendation of the Magistrate Judge that –

1. plaintiff's *Application,* construed as a *Motion*, *to Proceed without Prepayment of Fees and Affidavit* (Doc. 2, March 29, 2005) be **DENIED.**

2. this **action be DISMISSED WITHOUT PREJUDICE PRIOR TO SERVICE OF PROCESS.**

3. this matter be referred to the Office of the United States Attorney for any review, investigation, and criminal investigations deemed appropriate.

**It is further ORDERED** that the Clerk of the Court file this Recommendation of the Magistrate Judge and serve by mail a copy thereof on the incarcerated plaintiff at the institutional address provided. **The Plaintiff is DIRECTED to file any objections to the this Recommendation not later than April 21, 2005.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive, or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from *de novo* determination by the district court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (11th Cir. Unit B. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE THIS 5TH DAY OF APRIL, 2005.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE